# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2019

No. 19-50012

Lyle W. Cayce
Clerk

MICHAEL BRUNO, as Parents/Guardians/Next Friend of R.B., a minor;
R.B., Individually, a minor; BRITTANY BRUNO, as Parents/Guardians/Next
Friend of R.B., a minor,

     Plaintiffs - Appellants

v.

NORTHSIDE INDEPENDENT SCHOOL DISTRICT,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1129

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

     R.B., a preschool student with autism and a speech impairment, transferred from a Florida public school to Northside Independent School District ("NISD") in January 2016. Under his Individualized Education Program ("IEP") at his previous school, R.B. attended a full-day, "mixed" classroom, which is a special-education classroom containing both special-

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

needs and non-disabled students, and received speech and occupational therapy each week. He also received additional services from a private Board Certified Behavior Analyst and occupational therapist.

Upon enrolling at NISD, the district provided him a temporary service plan designed to furnish R.B. with special-needs services comparable to his Florida IEP as required by the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, et seq. ("IDEA"). NISD placed R.B. in a half-day program in a self-contained classroom—a classroom with only special-needs students. His speech-language therapy services and occupational therapy services remained the same as described in his Florida IEP.

After this initial transfer period, NISD completed a Full Individual and Initial Evaluation and developed a new IEP for R.B. In completing the evaluation and developing the new IEP, NISD consulted with R.B.'s parents and teachers, reviewed R.B.'s tests and evaluations from his Florida school district, and relied on evaluations from a speech pathologist, occupational therapist, and licensed specialist in school psychology. NISD determined that R.B. should be provided with less speech and occupational therapy than he had received in Florida and that his classroom should be changed from a self-contained classroom to a mixed classroom.

On January 11, 2017, Michael and Brittany Bruno, R.B.'s parents, filed a request for a special education due process hearing with the Texas Education Agency. They alleged that NISD committed a substantive violation of the IDEA by denying R.B. a free appropriate public education ("FAPE") and committed numerous procedural errors under the IDEA. After a three-day evidentiary hearing, which included testimony from fifteen witnesses and more than 800 pages of exhibits, the special education officer concluded that NISD provided R.B. with a FAPE and did not commit procedural violations of the IDEA. The Brunos appealed the hearing officer's decision to the district

No. 19-50012

court.  The district court granted judgment on the administrative record to NISD, and the Brunos appealed to this court.

We have reviewed the briefs, the applicable law, and relevant parts of the record, and we have heard oral argument.  The district court committed no reversible error.  The judgment is affirmed, essentially on the basis carefully explained by the district court in its 41-page December 12, 2018 Order.